UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Thomas Mabbott,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Pinnacle Asset Management, Inc.<br>c/o Legal Department<br>2150 Northwest Parkway, Suite A<br>Marietta, GA 30067<br><br>and<br><br>Roderick Ball<br>1597 Sandpoint Drive<br>Roswell, GA 30075,<br><br>　　　　Defendants. | Case No. 1:15-CV-01399<br><br><br><br>**AMENDED COMPLAINT**<br><br><br><br><br><br>**Jury Demand Requested** |

　　　　Now comes Plaintiff, by and through his attorney, and respectfully files this Amended Complaint to name additional defendants and additional claims related to the original Complaint. For his Amended Complaint, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

1

5- Defendant Pinnacle Asset Management, Inc. ("PAM") is a corporation with its principal place of business in the State of Georgia.

6- Defendant PAM uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant PAM regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant PAM owned the Debt or was retained to collect the Debt.

9- Defendant Roderick Ball ("Ball") is a resident of the State of Georgia.

10- Defendant Ball was, at all times relevant, the owner, operator, and/or manager of Defendant PAM.

11- Defendant Ball is completely responsible for Defendant PAM's actions and liabilities.

## FACTS COMMON TO COUNTS I-IV

12- On or around December 4, 2014, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

13- Despite the bankruptcy filing, in or around January 2015, Defendant telephoned Plaintiff to collect the Debt at least 4 times thereafter

14- At the time of this communication, Defendant knew, or should have known, about Plaintiff's bankruptcy filing.

15- Defendant damaged Plaintiff.

16- Defendant violated the FDCPA.

## FACTS COMMON TO COUNTS V-VI

17- In March 2015, Defendant Ball, through his attorney, entered into an oral contract to settle the FDCPA claims raised in the above-captioned matter, with the settlement funds to be paid by May 10, 2015.

18- On April 16, 2015, Defendant Ball authorized the filing of a Notice of Settlement.

19- On May 11, 2015, Defendant Ball, through his attorney, notified Plaintiff that the funds had been mailed on May 10, 2015.

20- To date, the settlement funds have never been received.

21- On May 18, 2015, Defendant Ball notified Plaintiff that he was repudiating the agreement and would not pay any portion of the settlement.

22- Upon information and belief, Defendant entered into the settlement agreement under false pretenses and for the improper purpose of hiding assets which would be subject to attachment for any judgment herein.

### COUNT I - FDCPA

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(2) by trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy and, thereby misrepresenting the legal status of the debt

### COUNT II - FDCPA

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

### COUNT III - FDCPA

27- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

28- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

### COUNT IV - FDCPA

29- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

30- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after Defendant knew, or should have known, that Plaintiff was represented by an attorney regarding the debt.

### COUNT V – BREACH OF CONTRACT

31- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

32- Defendant entered into a valid settlement agreement with Plaintiff to resolve Counts I-IV.

33- Defendant failed to comply with the terms of the settlement agreement.

34- Defendant unequivocally communicated to Plaintiff that it would not comply with the terms of the settlement agreement.

35- Defendant intentionally breached the settlement agreement in bad faith.

### COUNT VI – FRAUD / INTENTIONAL MISREPRESENTATION

36- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

37- Defendant entered into a valid settlement agreement with Plaintiff to resolve Counts I-IV.

38- Defendant entered into the settlement agreement in bad faith and under false pretenses and never intended to comply with the settlement agreement.

39- As a direct and proximate result of the settlement agreement, Plaintiff filed a notice of settlement, and delayed prosecuting this matter. Absent the settlement agreement, Plaintiff would have initiated default proceedings month earlier.

40- As a direct and proximate result of the settlement agreement, Plaintiff was prevented from obtaining a judgment and collecting on that judgment.

### JURY DEMAND

41- Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

42. Plaintiff prays for the following relief:

 a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

 b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

 c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

 d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*
